| | |
|---|---|
| DISTRICT COURT, BOULDER COUNTY, COLORADO<br>1777 6th Street<br>Boulder, Colorado 80302<br>(303) 441-3750 | EFILED Document<br>CO Boulder County District Court 20th JD<br>Filing Date: Jun 22 2005 3:31PM MDT<br>Filing ID: 6070536<br>Review Clerk: Debra Crosser |
| **Plaintiff:**<br>JOHN E. NELSON<br><br>**Defendant:**<br>SEAGATE TECHNOLOGY, LLC | ▲ COURT USE ONLY ▲ |
| Attorney for Plaintiff:<br>Joel C. Maguire #9073<br>Dietze and Davis, P.C.<br>2060 Broadway, Suite 400<br>Boulder, Colorado 80302<br>Telephone: (303) 447-1375<br>Facsimile: (303) 440-9036<br>E-mail: jmaguire@dietzedavis.com | Case No.:<br><br>Div.:          Ctrm.: |
| **COMPLAINT AND JURY DEMAND** ||

Plaintiff, by and through his attorneys, Dietze and Davis, P.C., complains of Defendant as follows:

## GENERAL ALLEGATIONS

1. Defendant Seagate Technology, LLC is a Delaware limited liability company registered to do business and doing business in the State of Colorado at 389 Disc Drive in the City of Longmont, in the County of Boulder, State of Colorado.

2. In December 2002, Plaintiff was employed by Defendant as a Senior Engineering Supervisor A, managing the Compatibility Lab and technician staff in the Systems Integration Engineering ("SIE") Group. He had been employed by Defendant for six years and had acted as a supervisor for the last several years. Plaintiff always had been a top performer and manager. In his July 2002 evaluation, he received an overall rating of "Exceed Requirements" and was rated "Exceeds Requirements" in eight out of ten categories, including "Leadership" and "Management Effectiveness and Quality."

3. In December 2002, Plaintiff spoke to his supervisor, Tom Lenny, the Director of the SIE Group. Plaintiff asked Lenny about the prospects for promotion to the manager grade salary level. Lenny indicated that the prospects for such a future promotion were good. During that

meeting, Plaintiff told Lenny that it was his intention to work for Defendant another two to three years after he received such a promotion.

4. In early 2003, three supervisors were employed in the SIE Group at Defendant's Longmont location: Plaintiff, Eric Heiney, and Mark Kotalik. At that time, Heiney was under 40 years of age and Kotalik was approximately 45 years old. Plaintiff was 64 years old, with a date of birth of October 7, 1938.

5. Prior to May 2003, Lenny, Heiney, and Kotalik participated in meetings to discuss a restructuring of the SIE Group. Although Plaintiff was one of the three supervisors in the SIE Group in Longmont, he was not invited to attend these meetings.

6. On May 2, 2003, Lenny called Plaintiff into his office and informed him that Plaintiff's job managing the Compatibility Lab as Senior Engineering Supervisor A had been eliminated as a result of a reorganization and that Plaintiff would be placed in the position of Software Test Engineer in the SIE Group. The change in Plaintiff's position from Senior Engineering Supervisor A to Software Test Engineer constituted a demotion. Lenny commented to Plaintiff that he knew that this was not what Plaintiff had in mind for his retirement.

7. As part of the reorganization, Doug Corbin was placed in a supervisory role within the SIE Group. Upon information and belief, Corbin is approximately 53 years old.

8. Prior to the reorganization, Corbin held a non-supervisory position in the SIE Group. He had been hired by Defendant in January 2003, only four months before the announcement of the reorganization, after being laid off at Maxtor Corporation. Maxtor was the prior employer of David Skinner, a Vice President of Defendant at the time of the reorganization. Upon information and belief, Corbin worked closely with Skinner at Maxtor and Skinner played a key role in the decisions relating to the reorganization of the SIE Group, including the direction that Corbin be placed in a supervisory position and Plaintiff be removed from a supervisory position.

9. Prior to the reorganization, the three supervisory positions within the SIE Group in Longmont were occupied by Plaintiff, Heiney, and Kotalik. After the reorganization, the three supervisory positions were occupied by Corbin, Heiney and Kotalik

10. After the purported reorganization, Plaintiff was placed under the direct supervision of Corbin.

11. In an attempt to justify its treatment of Plaintiff, Defendant has claimed that the SIE Group was reorganized for business reasons, that the Compatibility Lab was eliminated in the reorganization, and that Plaintiff was not qualified to hold either of the supervisory positions given to Kotalik and Corbin.

12. The Compatibility Lab was not eliminated as a result of the reorganization. It continues to exist today and is under the direction of Kotalik.

13. Plaintiff was fully qualified for the supervisory positions given to Kotalik and to Corbin in connection with the reorganization. Plaintiff's qualifications for these positions equaled or exceeded those of Kotalik and Corbin. In fact, Plaintiff previously had mentored Kotalik on management skills.

14. Plaintiff was selected for demotion from his supervisory position because he had previously indicated to Lenny that he intended to retire in two or three years. This made him expendable, since he would be leaving the company within a few years regardless.

15. Lenny's comment that he knew that the change from Senior Engineering Supervisor A to Software Test Engineer was not what Plaintiff had in mind for his retirement demonstrates that he had tied Plaintiff's planned retirement in two or three years to the personnel decisions made in connection with the reorganization, including Plaintiff's demotion. The fact that Plaintiff was planning to retire in the near future made it much easier to remove him from his supervisory position, to keep Kotalik in a supervisory position, and to elevate Corbin to a supervisory position.

16. The fact that Plaintiff was approaching retirement age was the reason why he was demoted, despite the fact that (1) Plaintiff was a better manager than Kotalik and had mentored him in the past on management skills, (2) Plaintiff's qualifications to hold the supervisory position given to Kotalik were equal to or greater than those of Kotalik, (3) Plaintiff's qualifications to hold the supervisory position given to Corbin were equal to or greater than those of Corbin, (4) Plaintiff had worked for Defendant far longer than Corbin and approximately the same length of time as Kotalik, (5) Corbin had not performed at the supervisory level for Defendant, and (6) Plaintiff consistently had exceeded expectations in his supervisory position.

17. The employment action taken against Plaintiff would not have occurred but for the fact that he was 64 years old and was nearing retirement.

18. The reorganization of the SIE Group and Plaintiff's alleged lack of qualification for the supervisory positions given to Kotalik and Corbin were used as a cover for demoting Plaintiff and were a pretext for Defendant's actual discriminatory motives.

19. As a direct and proximate result of the foregoing, Plaintiff has suffered economic and non-economic losses and damages in amounts to be shown at trial. Economic damages include, but are not limited to loss of future and back wages, earnings and benefits, diminution of future earning capacity, loss of accumulated benefits resulting from long-term employment, and loss of retirement benefits.

20.  As a direct and proximate result of the foregoing, Plaintiff has suffered and will continue to suffer irreparable harm and injury.

21.  Plaintiff has no plain, adequate, or complete remedy at law to redress the wrongs alleged herein.

22.  Defendant's actions were willful and were attended by circumstances of fraud, malice and reckless indifference to the rights of Plaintiff, including federally protected rights. Defendant should be required to pay liquidated damages both as punishment for its misconduct and to set an example for other companies which might otherwise be tempted to engage in similar conduct.

23.  On October 30, 2003, Plaintiff timely filed a Charge of Discrimination with the Civil Rights Division of the State of Colorado. This charge was cross-filed with the Equal Employment Opportunity Commission. A Notice of Suit Rights was mailed to Plaintiff on March 24, 2005, authorizing him to sue within 90 days of his receipt of the Notice.

24.  All jurisdictional prerequisites to the filing of this action have been met.

### FIRST CLAIM FOR RELIEF
### (Age Discrimination in Violation of the Colorado Anti-Discrimination Act
### C.R.S. § 24-34-401 *et seq.*)

25.  Plaintiff hereby incorporates by reference all paragraphs above as if fully set forth herein.

26.  Plaintiff was subjected to the discriminatory treatment described above because of his age.

27.  Defendant deprived Plaintiff of certain benefits, privileges, terms and conditions of employment, because of his age, all to his damage and injury.

28.  The aforesaid actions by Defendant have discriminated against Plaintiff based on his age in violation of the Colorado Anti-Discrimination Act and C.R.S. § 24-34-402.

### SECOND CLAIM FOR RELIEF
### (Age Discrimination in Violation of the Age Discrimination in Employment Act
### 29 U.S.C. § 621 *et seq.*)

29.  Plaintiff hereby incorporates by reference all paragraphs above as if fully set forth herein.

30.  Plaintiff is a member of a protected class defined by the Age Discrimination in Employment Act of 1967 ("ADEA").

31.  Defendant, through its managers and agents, willfully discriminated against and demoted Plaintiff because of his age, in violation of the ADEA. 29 U.S.C. § 623(a).

32.  Defendant engaged in a pattern and practice of discriminating against employee members of the protected class defined by the ADEA.

33.  Defendant's unlawful actions were willful, and, therefore, Defendant is liable to Plaintiff for liquidated damages under the ADEA, as well as any other damages awardable under the ADEA. 29 U.S.C. §§ 626(b), 216(b).

WHEREFORE, Plaintiff respectfully requests that this Court enter judgment in his favor and against Defendant, and grant:

a.  Declaratory relief and injunctive relief requiring Defendant to reinstate Plaintiff to his former or equivalent position, to cease all illegal discrimination and to institute and enforce policies preventing such illegal discrimination in the future;

b.  Actual economic damages, including back pay, front pay, losses of benefits, bonuses and incentives, losses of promotions and other economic losses, in amounts to be established at trial;

c.  Compensatory damages, including damages for emotional distress, loss of reputation, humiliation, loss of enjoyment of life and other pain and suffering on all claims allowed by law in amounts to be determined at trial;

d.  Liquidated and punitive damages in an amount to be determined at trial;

e.  Pre-judgment and post-judgment interest at the highest lawful rate;

f.  Attorney's fees and costs; and

g.  Such other remedies or damages allowed by law.

**PLAINTIFF DEMANDS A JURY TRIAL ON ALL ISSUES SO TRIABLE.**

DATED this 22nd day of June, 2005.

5

Respectfully submitted,

DIETZE and DAVIS, P.C.

*Original signature on file at the offices of Dietze and Davis, P.C.*


By: _____
Joel C. Maguire
Attorneys for Plaintiff


Address of Plaintiff:

1276 Monarch Ave.
Longmont, Colorado 80501