IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 05-cv-01362-RPM-MJW

JOHN E. NELSON,

    Plaintiff,

v.

SEAGATE TECHNOLOGY LLC,

    Defendant.

## STIPULATED PROTECTIVE ORDER

Upon the stipulation and agreement of Plaintiff John E. Nelson and Defendant Seagate Technology LLC (respectively "Party," collectively, "the Parties"), by and through their respective counsel, and for the purpose of expediting the flow of discovery material, facilitating the prompt resolution of disputes over confidentiality, and adequately protecting materials entitled to be kept confidential, pursuant to Fed. R. Civ. P. 26(c), the Court ORDERS as follows:

    1    "Confidential" and/or "Confidential Information" means highly sensitive, competitive and commercial business information, or personal information (*e.g.*, employee personnel files, medical or salary information, or certain other information acquired for purposes of employment, including social security numbers and banking, insurance and tax information) recorded in any form, including any document, written discovery response or deposition testimony, or other form of evidence or discovery contemplated under the Federal Rules of Civil Procedure and the Federal Rules of Evidence that, in the good faith opinion of the Party or third-party witnesses providing such information or discovery or to which that information belongs,

1

dn-123158

contains confidential or proprietary information that warrants protection under Fed. R. Civ. P. Rule 26(c). By producing documents or information designated as Confidential pursuant to this Order, the producing party does not waive, but rather expressly reserves any and all legal rights, privileges, or immunities applicable to such documents and information.

2. When seeking the protection of this Order for information contained in a document or tangible thing, the producing party shall identify the document with a legend substantially in the following form:

**"CONFIDENTIAL – Subject to Protective Order in *Nelson v. Seagate*"**

or shall otherwise mark the document or tangible thing in a way that brings to the attention of a reasonable examiner the Confidential treatment. Parties seeking to designate portions of a deposition as Confidential shall do so on the record during the deposition, or within fifteen (15) days after receiving the official transcript of the deposition, by notifying all Parties in writing, including opposing counsel, the court reporter, and, if applicable, the videographer, of the portions to be designated as Confidential. Each Party shall attach a copy of such written statement to the face of the transcript and each copy thereof in its possession, custody or control. The Court reporter and videographer shall note such designations on subsequent versions of the transcript and video. Each deposition shall be treated as Confidential for a period of fifteen (15) days after the official transcript of such deposition is received.

3. If a producing Party inadvertently fails to stamp certain documents as Confidential upon their production, that Party may later designate such documents by giving notice to all Parties that the material is to be so designated. All Parties shall then stamp or otherwise mark the designated documents as Confidential as described above.

4. If documents claimed to be privileged or subject to the work-product doctrine are inadvertently produced, such documents shall be returned by the receiving Party promptly after request, unless the receiving Party challenges the privileged nature of the documents, in which case the producing Party shall be entitled to make an application to the Court for the return of the documents. While such application is pending, the receiving Party shall not use or divulge the contents of such documents except to the Court under seal. The inadvertent production of any document claimed to be privileged or subject to the work-product doctrine shall not constitute a waiver of such privilege.

5. Except as provided in this paragraph, information designated as Confidential shall not be disclosed to any person without the prior written consent of the Party producing the information, or as expressly permitted by this Order, or upon further order of this Court. Nothing in this Order shall prevent each Party from using or disclosing its own Confidential Information. Confidential Information may be disclosed only to:

(i) this Court, including court personnel, court reporters and persons operating video recording equipment at depositions in this action;

(ii) in-house counsel and attorneys of record for a Party in this action and partners, associates, legal assistants or other employees of such counsel assisting in the prosecution or defense of this action;

(iii) persons retained by the Parties or their attorneys specifically to assist in the prosecution or defense of this case (including, if applicable, investigators, consultants or expert witnesses);

(iv) the Parties to the litigation; and

(v) witnesses, including experts, who agree to be bound by the terms of this Order by executing the written acknowledgment set forth in the next paragraph.

6.  Before a Party discloses Confidential Information to a person described in the above paragraph, that Party shall:

   (i)   apprise the person of the confidential nature of the information;

   apprise the person of the terms and obligations of this Protective Order;

   (iii)  apprise the person that this Court, pursuant to this Order, has limited the use of such information by such person for purposes of this action and has limited the disclosure of such information to certain persons as provided in this Order;

   deliver a copy of this Order to such person; and

   (v)   shall obtain a written acknowledgement signed and dated by the person stating the following:

   The undersigned hereby acknowledges that he/she has read the Protective Order, understands the terms thereof, and agrees, upon threat of penalty of contempt of court, to be bound by those terms. The undersigned shall keep the material and/or information within his/her exclusive possession and control, shall place the material in a secured and segregated location, shall not disclose the information other than to those specifically authorized by the Protective Order, and shall not use or disclose it other than as authorized by the Protective Order. The undersigned understands that the pledge of secrecy under this agreement and Protective Order continues after this action is terminated.

Copies of all such written agreements signed and dated by persons shall be maintained by each Party and made available to the other Party upon reasonable and permissible request.

7.  Pursuant to D.C.COLO.LCivR 7.2 and 7.3, if any Party desires to file a document, brief, memorandum, or any other paper with this Court that discloses any Confidential Information or the substance thereof, the filing Party will notify the Court that Confidential Information is being filed in a sealed envelope or other sealed container marked with the title of

the action, identifying each document or thing contained therein, and bearing a statement substantially in the following form:

**CONFIDENTIAL**
**THIS ENVELOPE CONTAINS CONFIDENTIAL INFORMATION SUBJECT TO A PROTECTIVE ORDER ENTERED BY THE COURT IN *NELSON V. SEAGATE.***

All such filed material shall be maintained by the Clerk of the Court in the sealed envelope or container with the appropriate legend, or otherwise, and shall be released only upon further order of the Court. The filing of any document under seal is required if the non-filing Party or a third party has stamped the document as "Confidential – Subject to Protective Order in *Nelson v. Seagate*."

8. All Confidential Information obtained by a Party during the course of this action shall be used only for the purposes of prosecution or defense of this action, including pretrial discovery, preparation for trial, and any appeal of this action, and shall not be used for any other purpose.

9. In the event any Confidential Information is used in any court proceeding, including deposition, such information shall not lose its confidential status through such use, and the Parties shall take all steps reasonably required to protect the confidentiality of such information during its use.

10. A Party may object to the designation of any documents or other information as Confidential by informing the designating Party of objections in writing and identifying the specific information to which the objection is made. If the objections cannot be resolved by the Parties within a reasonable time after the objections are received, the Party objecting to the designation may file a motion requesting the Court determine whether the specified information

5

is subject to the terms of this Protective Order. If such motion is filed, the disputed information shall be treated as Confidential Information until the Court rules on the motion.

11. Nothing contained in this Order shall affect the rights of either Party to make any other type of objection, claim or other response to any discovery, request, subpoena, or question at a deposition; nor shall this Order be construed as a waiver by either Party of any privilege to withhold any document or information.

12. The provisions of this Order shall continue even after any settlement, judgment or other disposition or conclusion of this action and all appeals therefrom, and this Court shall retain continuing jurisdiction to enforce the terms of this Order. The Parties' counsel shall at all times retain custody and control of all Confidential Information through and beyond termination of this action. Within thirty (30) days after the conclusion of the trial and of any appeals, or upon other termination of this litigation, all information designated as Confidential within the meaning of this Order, and each copy, summary or excerpt thereof shall, at the discretion of the producing Party, either be (a) destroyed, and counsel shall sign a certification attesting to such destruction, or (b) returned to the producing Party's counsel, except such copies, summaries, and excerpts thereof as may be in the files of the Court.

13. For good cause shown, any Party or third party may seek modification or termination of this Order. No party shall seek modification or termination of this Order without complying with D.C.COLO.LCivR 7.1A.

DATED this 20th day of December, 2005.

| | |
|---|---|
| /s/ Joel C. Maguire<br>Joel C. Maguire<br>Dietze and Davis, P.C.<br>2060 Broadway<br>Suite 400<br>Boulder, Colorado 80302<br>Telephone: (303) 447-1375<br>FAX: (303) 440-9036<br>jmaguire@dietzedavis.com<br>Attorney for Plaintiff JOHN E. NELSON | /s/ Tarek F.M. Saad<br>Tarek F.M. Saad<br>Erin S. Egan<br>Morrison & Foerster LLP<br>5200 Republic Plaza<br>370 17th Street<br>Denver, Colorado 80202-5638<br>Telephone: (303) 592-1500<br>FAX: (303) 592-1510<br>tsaad@mofo.com<br>eegan@mofo.com<br>Attorneys for Defendant SEAGATE TECHNOLOGY LLC |

**SO ORDERED:**

_____
United States Magistrate

**MICHAEL J. WATANABE**
**U.S. MAGISTRATE JUDGE**

dn-123158